# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>A. DELK,<br><br>    Defendant.<br>_____/ | CASE NO.   1:10-cv-617-LJO-MJS (PC)<br><br>ORDER RECOMMENDING PLAINTIFF'S FEDERAL CLAIM BE DISMISSED FOR FAILURE TO STATE A CLAIM AND PLAINTIFF'S CASE BE REMANDED TO STATE COURT<br><br>(ECF No. 1.)<br><br>OBJECTIONS DUE JANUARY 31, 2011 |

Plaintiff Rodney Karl Blackwell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in Fresno County Superior Court on January 4, 2010. ( Pl.'s Compl., ECF No. 1, p. 6.) Defendant Delk was served on March 9, 2010 and removed the action to this Court on April 8, 2010. (Notice of Removal, ECF No. 1, p. 1.) Plaintiff's original Complaint is now before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. **PLAINTIFF'S CLAIMS**

Plaintiff's claims can be summarized essentially as follows: On January 20, 2006, Plaintiff had his personal items searched and packed for transfer to Delano State Prison. Correctional Officer A. Delk, the only named Defendant in this case, conducted the search. Delk informed Plaintiff that a number of his personal items, including a hat, tennis shoes, and a t-shirt, were no longer allowed and he confiscated those items. All of the confiscated items were sold through the prison canteen or via special purchase. There is a record of the items on the prison's property card. Plaintiff asked for a receipt so that he could seek a refund for the confiscated property.

Plaintiff alleges that by these acts Defendant violated Plaintiff's Equal Protection and Due Process rights under the California Constitution as well as his Equal Protection rights under the Fourteenth Amendment to the United States Constitution.[1] Plaintiff requests

---

[1] Plaintiff has moved to remand this case to state court on the basis that he did not bring a federal claim. However, his Complaint states that he is seeking relief "pursuant to due Process rights by ... the United States Constitution by the fourteenth Amendment." (Pl.'s Compl. at 4.) Because Plaintiff clearly brings a federal equal protection claim, removal of this action was proper under 28 U.S.C. § 1331.

-2-

monetary damages in the amount of $25,000 for these offenses.

**III.     ANALYSIS**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

Although Plaintiff's Complaint mentions the Equal Protection Clause of the Fourteenth Amendment, the allegations contained therein implicate the Fourteenth Amendment's Due Process Clause. Prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, whether intentional or negligent, "[a]n unauthorized . . . deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

California does provides such a post deprivation remedy. See, e.g., Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California Law provides an adequate post-deprivation remedy for any property deprivations.")  Therefore, the unauthorized deprivation of Plaintiff's personal property cannot sustain a federal Due Process clause claim. Hudson, 468 U.S. at 533.

Plaintiff has therefore failed to state a claim upon which relief could be granted

under Section 1983.  Moreover, amendment would be futile.  Hudson, 468 U.S. at 533. See also Fink v. Schuman, 229 F.3d 1157 (9th Cir. 2000) (district court did not err in declining to allow prisoner to amend due process claim involving property deprivation because amendment would have been futile).

## IV.     CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim for relief under 42 U.S.C. § 1983, but may state cognizable claims under California law.[2]  Since the Court recommends dismissal of Plaintiff's only federal claim, remand of Plaintiff's state law claims would be appropriate. 28 U.S.C. § 1367(c)(3) (stating the Court may decline to exercise jurisdiction over a claim is it has "dismissed all claims over which it had original jurisdiction.")

Accordingly, the Court hereby RECOMMENDS:

1.     Plaintiff's federal Due Process Clause claim be DISMISSED for failure to state a claim upon which relief could be granted; and

2.     Plaintiff's action be REMANDED to the Fresno County Superior Court.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Not later than **January 31, 2011**, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 12, 2011         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant has filed a Motion to Dismiss arguing that Plaintiff's state law claims are barred by res judicata.  The Court has reviewed Defendants' Motion and believes that it is better addressed by the state court as it involves interpreting the breadth and implications of a prior state court judgment.

-4-